CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X

DAVID SUASTEGUI and JOSE LUIS
ANGEL BASURTO, *individually and on
behalf of others similarly situated,*

*Plaintiffs*,

-against-

BKK FOREST HILLS INC. (D/B/A
BANGKOK CUISINE), THAI72 INC. (D/B/A
THAI 72), HOPHAPCITY INC.  (D/B/A
BANGKOK CUISINE), SUJITRA
RUNGRUANGSURIYA, PUSIT
SIRIPRAKAISAK, and SOMSAK
SIRIPRAKAISAK,

*Defendants.*

------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs David  Suastegui and Jose Luis Angel Basurto, individually and on behalf of

others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, CSM Legal,

P.C., upon their knowledge and belief, and as against BKK Forest Hills Inc. (d/b/a Bangkok

Cuisine), THAI72 Inc. (d/b/a Thai 72), HOPHAPCITY Inc. (d/b/a Bangkok Cuisine), ("Defendant

Corporations"), Sujitra Rungruangsuriya, Pusit Siriprakaisak, and  Somsak Siriprakaisak,

("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are former employees of Defendants BKK Forest Hills Inc. (d/b/a Bangkok Cuisine), THAI72 Inc. (d/b/a Thai 72), HOPHAPCITY Inc. (d/b/a Bangkok Cuisine), Sujitra Rungruangsuriya, Pusit Siriprakaisak, and Somsak Siriprakaisak.

2.       Defendants own, operate, or control a Thai restaurant, located at 107-18 70th Road, Forest Hills, NY 11375, under the name "Bangkok Cuisine", at 128 W 72nd St, New York, NY 10023 under the name "Thai 72", and at 1586 Second Avenue, New York, NY 10028 under the name "Bangkok Cuisine".

3.      Upon information and belief, individual Defendants Sujitra Rungruangsuriya, Pusit Siriprakaisak, and Somsak Siriprakaisak, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.      Plaintiffs were employed as cooks at the restaurants located at 107-18 70th Road, Forest Hills, NY 11375, 128 W 72nd St, New York, NY 10023, and 1586 Second Avenue, New York, NY 10028.

5.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

8.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9.      Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.      Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

12.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district,

Defendants maintain their corporate headquarters and offices within this district, and Defendants operate Thai restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

13.     Plaintiff David Suastegui ("Plaintiff Suastegui" or "Mr. Suastegui") is an adult individual residing in Bronx County, New York.

14.     Plaintiff Suastegui was employed by Defendants at Bangkok Cuisine from approximately December 2013 until on or about June 2022.

15.     Plaintiff Jose Luis Angel Basurto ("Plaintiff Basurto" or "Mr. Basurto") is an adult individual residing in Bronx County, New York.

16.     Plaintiff Basurto was employed by Defendants at Bangkok Cuisine from approximately July 2018 until on or about June 2022.

*Defendants*

17.     At all relevant times, Defendants own, operate, or control a Thai restaurant, located at 107-18 70th Road, Forest Hills, NY 11375 under the name "Bangkok Cuisine", at 128 W 72nd St, New York, NY 10023 under the name "Thai 72", and at 1586 Second Avenue, New York, NY 10028 under the name "Bangkok Cuisine".

18.     Upon information and belief, BKK Forest Hills Inc. (d/b/a Bangkok Cuisine) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 107-18 70th Road, Forest Hills, NY 11375.

19.     Upon information and belief, THAI72 Inc. (d/b/a Thai 72) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 128 W 72nd St, New York, NY 10023.

20.     Upon information and belief, HOPHAPCITY Inc. (d/b/a Bangkok Cuisine) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1586 Second Avenue, New York, NY 10028.

21.     Defendant Sujitra Rungruangsuriya is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Sujitra Rungruangsuriya is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Sujitra Rungruangsuriya possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.     Defendant Pusit Siriprakaisak is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Pusit Siriprakaisak is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Pusit Siriprakaisak possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.     Defendant Somsak Siriprakaisak is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Somsak Siriprakaisak is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Somsak Siriprakaisak possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

24.     Defendants operate Thai restaurant located in multiple neighborhoods in New York City.

25.     Individual Defendants, Sujitra Rungruangsuriya, Pusit Siriprakaisak, and Somsak Siriprakaisak, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

26.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

28.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

29.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

30.     Upon information and belief, Individual Defendants Sujitra Rungruangsuriya, Pusit Siriprakaisak, and Somsak Siriprakaisak operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of their own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

31.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled

the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

32.     In each year from 2016 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis, such as meat and produce, are goods produced outside of the State of New York.

*Individual Plaintiffs*

34.     Plaintiffs are former employees of Defendants who were employed as cooks.

35.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff David Suastegui*

36.     Plaintiff Suastegui was employed by Defendants from approximately December 2013 until on or about June 2022.

37.     Defendants employed Plaintiff Suastegui as a cook.

38.     Plaintiff Suastegui regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

39.     Plaintiff Suastegui's work duties required neither discretion nor independent judgment.

40.     Throughout his employment with Defendants, Plaintiff Suastegui regularly worked in excess of 40 hours per week.

41.    From approximately 2016 until on or about February 2020 Plaintiff Suastegui worked at the Bangkok Cuisine Forest Hills location and at Bangkok Cuisine 2nd Ave location five to six days a week, from 11:00 a.m. until on or about 11:00 p.m. (typically 72 to 84 hours per week).

42.    From approximately March 2020 until on or about November 2020 Plaintiff Suastegui worked at Bangkok Cuisine 2nd Ave location four days a week from 11:00 a.m. until on or about 9:30 p.m. and one day from 4:00 p.m. until on or about 10:00 p.m. (typically 48 hours per week).

43.    From approximately October 2020 until December 2020 Plaintiff Suastegui worked at Bangkok Cuisine Forest Hills location 5 days a week from 11:00 a.m. until on or about 9:30 p.m. (typically 52.50 hours per week).

44.    From approximately January 2021 until on or about March 2021 Plaintiff Suastegui worked at Bangkok Cuisine Forest Hills location five days from 11:00 a.m. until on or about 10:30 p.m., (typically 57.50 hours per week).

45.    From approximately April 2021 until on or about June 2021 Plaintiff Suastegui worked as a cook at Thai 72 two days from 11:00 a.m. until on or about 10:00 p.m., and at Bangkok Cuisine Forest Hills three days from 11:00 a.m. until on or about 10:00 p.m. (typically 55 hours per week).

46.    From approximately July 2021 until on or about June 2022 Plaintiff Suastegui worked as a cook at Thai 72 two days a week from 11:00 a.m. until on or about 10:00 p.m., and two days from 11:00 a.m. until on or about 10:30 p.m. (typically 45 hours per week).

47.    Throughout his employment, Defendants required Plaintiff Suastegui to work seven days a week for one entire month during the period of 2016 until on or about March 2020 from 11:00 a.m. until on or about 11:00 p.m.

48.     Throughout his employment, Defendants paid Plaintiff Suastegui his wages in a combination of check and cash.

49.     From approximately September 2016 until on or about December 2016, Defendants paid Plaintiff Suastegui a fixed salary of $140.00 per day.

50.     From approximately January 2017 until on or about December 2018, Defendants paid Plaintiff Suastegui a fixed salary of $160.00 per day.

51.     From approximately January 2018 until on or about December 2018, Defendants paid Plaintiff Suastegui a fixed salary of $170.00 per day.

52.     From approximately January 2019 until on or about February 2022, Defendants paid Plaintiff Suastegui a fixed salary of $180.00 per day.

53.     From approximately March 2022 until on or about June 2022, Defendants paid Plaintiff Suastegui a fixed salary of $185.00 per day.

54.     Plaintiff Suastegui's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

55.     For example, Defendants required Plaintiff Suastegui to work an additional 30 minutes past his scheduled departure time regularly, and did not pay him for the additional time he worked.

56.     Defendants never granted Plaintiff Suastegui any breaks or meal periods of any kind.

57.     Defendants only required Plaintiff Suastegui to keep track of his time for a brief period in 2017. Therefore, the majority of his  hours worked were not recorded.

58.     On a number of occasions, Defendants required Plaintiff Suastegui to sign a document, the contents of which he was not allowed to review in detail.

59.     In addition, in order to get paid, Plaintiff Suastegui was required to sign a document in which Defendants misrepresented the hours that he worked per week.

60.     Although Defendants granted Plaintiff Suastegui sporadic breaks or meal periods throughout his employment. At most, Plaintiff Suastegui would take a 30-minute break two to three days out of the week.

61.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Suastegui regarding overtime and wages under the FLSA and NYLL.

62.     Defendants did not provide Plaintiff Suastegui an accurate statement of wages, as required by NYLL 195(3).

63.     Defendants did not give any notice to Plaintiff Suastegui, in English and in Spanish (Plaintiff Suastegui's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Jose Luis Angel Basurto*

64.     Plaintiff Basurto was employed by Defendants from approximately July 2018 until on or about June 2022.

65.     Defendants employed Plaintiff Basurto as a cook at Thai 72.

66.     Plaintiff Basurto regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

67.     Plaintiff Basurto's work duties required neither discretion nor independent judgment.

68.     Throughout his employment with Defendants, Plaintiff Basurto regularly worked in excess of 40 hours per week.

69.     From approximately July 2018 until on or about December 2018, Plaintiff Basurto worked from approximately 11:00 a.m. until on or about 10:30 p.m., two days a week and two days from 11:00 a.m. until 11:00 p.m. (typically 46 hours per week).

70.     From approximately January 2019 until on or about March 2020, Plaintiff Basurto worked from approximately 11:00 a.m. until on or about 10:30 p.m. five days a week, and two days from 11:00 a.m. until on or about 11:00 p.m. (typically 70 hours per week).

71.     For the month of May, 2020, Plaintiff Basurto worked from approximately 4:00 p.m. until on or 10:00 p.m. two days a week, and one day from 11:00 a.m. until on or about 9:30 p.m. (typically 22.50 hours per week).

72.     For the month of June 2020, Plaintiff Basurto worked from approximately 11:00 a.m. until on or about 9:30 p.m. three days a week (typically 31.50 hours per week).

73.     For the month of July 2020, Plaintiff Basurto worked from approximately 11:00 a.m. until on or about 9:30 p.m. four days a week (typically 42 hours per week).

74.     From approximately August 2020 until on or about December 2021, Plaintiff Basurto worked from 11:00 a.m. until on or about 10:00 p.m. four days a week, and two days a week from 11:00 a.m. until on or about 10:30 p.m. (typically 67 hours per week).

75.     From approximately January 2022 until on or about June 2022, Plaintiff Basurto worked from 11:00 a.m. until on or about 10:00 p.m. four days a week, and two days a week from 11:00 a.m. until on or about 10:30 p.m. (typically 57 hours per week).

76.     Throughout his employment, Defendants paid Plaintiff Basurto his wages by personal check.

77.     From approximately July 2018 until on or about November 2018, Defendants paid Plaintiff Basurto a fixed salary of $700.00 per week.

78.     From approximately December 2018 until on or about February 2019, Defendants paid Plaintiff Basurto a fixed salary of $750.00 per week.

79.     From approximately March 2019 until on or about March 2020, Defendants paid Plaintiff Basurto a fixed salary of $900.00 per week.

80.     From approximately May 2020 until on or about December 2021, Defendants paid Plaintiff Basurto a fixed salary of $980.00 per week.

81.     From approximately January 2022 until on or about March 2022, Defendants paid Plaintiff Basurto a fixed salary of $1,080.00 per week.

82.     From approximately April 2022 until on or about June 2022, Defendants paid Plaintiff Basurto a fixed salary of $1,120.00 per week.

83.     Plaintiff Basurto's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

84.     For example, Defendants required Plaintiff Basurto to work an additional 20 minutes after his scheduled departure time every day and did not pay him for the additional time he worked.

85.     Defendants never granted Plaintiff Basurto any breaks or meal periods of any kind.

86.     Although Plaintiff Basurto was required to keep track of his time, the system would constantly fail and it did not accurately reflect his actual hours worked.

87.     On a number of occasions, Defendants required Plaintiff Basurto to sign a document, the contents of which he was not allowed to review in detail.

88.     In addition, in order to get paid, Plaintiff Basurto was required to sign a document in which Defendants misrepresented the hours that he worked per week.

89.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Basurto regarding overtime and wages under the FLSA and NYLL.

90.     Defendants did not provide Plaintiff Basurto an accurate statement of wages, as required by NYLL 195(3).

91.     Defendants did not give any notice to Plaintiff Basurto, in English and in Spanish (Plaintiff Basurto's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

92.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

93.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

94.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

95.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

96.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Suastegui worked.

97.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

98.    On a number of occasions, Defendants required Plaintiffs to sign a document the contents of which they were not allowed to review in detail. Defendants required Plaintiffs to sign a document that reflected inaccurate or false hours worked. Defendants paid Plaintiffs their wages in a combination of cash and personal check.

99.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

100.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

101.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

102.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

103.    Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

104.     Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

105.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

106.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

107.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

108.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

109.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

110.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

111.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

112.    Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

113.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

114.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

115.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

116.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

117.     Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

118.     Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

119.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

120.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

121.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

122.     Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

123.     Plaintiffs were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

124.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

125.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

126.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

127.    Plaintiffs were damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

128.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

129.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

130.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

131.    Plaintiffs were damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

132.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

133.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by

the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

134.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

135.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

136.     With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

137.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(m)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York

September 28, 2022

CSM LEGAL, P.C

By:     _____/s/ Catalina Sojo, Esq._____
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

July 14, 2022

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    David Suastegui

Legal Representative / Abogado:    CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                     14 de julio

*Certified as a minority-owned business in the State of New York*

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

BY HAND

July 14, 2022

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Jose Luis Angel Basurto

Legal Representative / Abogado:    CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                      14 de julio 2022

*Certified as a minority-owned business in the State of New York*